SARAH M. HAYES, RESPONDENT, v. MICHAEL PHELAN, APPELLANT.

THIS is an appeal from an order overruling a demurrer to the complaint in this action. For opinion of Justice LEARNED in this case, see 4 Hun, 733.

*A. Schoonmaker, Jr.*, for the appellant.

*M. Schoonmaker*, for the respondent.

JAMES, J. (dissenting):

This was an action brought under chapter 646 of the Laws of 1873, known as the civil damage act. The complaint averred that the plaintiff was the wife of

Andrew B. Hayes, now deceased, previous to and at the time of his death ; that said Hayes was an industrious, hard-working man; that plaintiff was of feeble health and entirely dependent upon the labor of the said husband for support and maintenance; that said Hayes died on the night of July 4, 1874, from the effects of intoxication; that said intoxication was caused, in whole or in part, by the sale and delivery to him of intoxicating liquor on the evening of July 4, 1874, by the defendant, whereby, etc.

The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action.

The main question presented is, whether an action can be sustained, under the act of 1873, against one who sells liquors with which a person becomes intoxicated, and dies in consequence of such intoxication, by one who, by such death, has sustained injury in his or her means of support. If such an action can be sustained, it must be wholly in virtue of the statute; it would not lie at common law. The language of the act of 1873 is broad enough to cover such a case. It says : "Every husband, wife, child, parent, guardian, employer *or other person*, who shall be injured in person or property, *or means of support*, by any intoxicated person, *or in consequence of the intoxication*, habitual or otherwise, *of any person*, shall have a right of action, in his or her name, against any person or persons who shall, by selling or giving away intoxicating liquors, have caused the intoxication, in whole or in part, of such person," etc.

For the purposes of this adjudication, the demurrer admits the truth of the allegations of the complaint. In substance the complaint alleges, that on the night of July 4, 1874, Andrew B. Hayes died from intoxication; that such intoxication was caused by liquors sold to him by defendant; that at the time, said Hayes was the husband of the plaintiff; that she was of feeble health, entirely dependent on her husband's daily labor for support and maintenance; that he was an industrious, hard-working man, and that by his death she had been injured in her means of support. This complaint contained all the averments necessary to constitute a cause of action under the aforesaid statute : the death, its cause, its effect or injury to plaintiff, and the defendant's connection with it. The plaintiff does not sue as wife; a right of action is given to *any person injured* by reason of the intoxication of *any other person*, against the person who furnished any of the liquor which produced the intoxication. The averment of being the wife of the deceased was simply to show her dependence on his labor and her right of support from him, and is coupled with an averment of the husband's ability and willingness to labor to earn such support. The action is not for the killing, but for the injury and loss which resulted to plaintiff's *means of support*, caused by the intoxication, followed by the death, of the man bound by law to support and maintain her.

It is important to note the language of the statute and then consider the law as it stood, independent of the statute. The statute says : "Every person who shall be injured in person, or property, or *means of support*, in consequence of the intoxication of any person, shall have a right of action against any person who shall, by selling intoxicating liquors, have caused such intoxication," etc. At common law, in actions for wrongs, a recovery could only be had for injuries to

# DUBOIS v. MILLER.

person or property, and hence the legislature, in enacting the statute of 1873, intended to go beyond the common-law rule; they meant to provide a remedy for injuries produced by intoxication, against him who, by sale or gift of intoxicating drinks, caused such intoxication; in other words, the legislature meant just what it said: " Every person who shall be injured in his person or property or *means of support*, in consequence of the *intoxication* of *any person*, shall have a right of action against any person who shall, by selling or giving away intoxicating liquors to such person, have caused such intoxication in whole or in part," etc. It was urged that this statute should have a strict construction, because penal. Such is the rule — a rule too well settled to be questioned — but there are other rules of construction, equally well established, that have a bearing on this question, viz. : Statutes should be interpreted according to their intent and meaning, such intent to be deduced from the act itself; words should receive their popular or generally understood meaning. Where a statute is expressed in clear and precise terms, where the sense is manifest, there can be no reason against adopting the sense which it then naturally presents; to go elsewhere in search of conjecture in order to restrain or extinguish it, is to elude it.

The legislative purpose of this act is expressed in its title as well as in its every line and paragraph; the necessity of some such law was manifest to every observing and reflective member of the commonwealth. Its declared purpose was to " suppress intemperance, pauperism and crime," and to that end it sought to make every person who should furnish means to another person to become intoxicated, either by the sale or gift to him of intoxicating liquors, pecuniarily liable for the injuries specified which any other person might sustain by reason of the intoxication so caused.

Therefore, observing the rules of construction above suggested, it seems clear that when death is caused by intoxication, any person sustaining injury from the consequences of such intoxication, either in person or property or means of support, has a right of action against the person furnishing the liquor which caused such intoxication. And if this act is within the constitutional power of the legislature, the plaintiff's cause of action was clearly shown.

So far as this court is concerned, the constitutionality of said act is affirmed. (*Baker* v. *Pope*, 9 S. C., 556.)

To entitle the plaintiff to recover, it was not necessary to aver, nor essential to prove, an unlawful selling or giving away of intoxicating liquor. The right of action is not based on an unlawful sale or gift. The right of action given by the statute vests as a consequence of supplying intoxicating liquors to another, followed by intoxication and injury to the plaintiff in person or property or means of support.

The question of damages does not now arise; that will properly come up on the trial.

The order of the Special Term should be affirmed.